963 F.2d 1301
 22 Fed.R.Serv.3d 1209
 Gwendolyn L. KING, a/k/a Gwendolyn L. Greene, a/k/a Gwen
Greene, Plaintiff-Appellant,
v.
Barry RUSSELL, Honorable, State of California, et al., City
of Los Angeles, et al., County of Los Angeles, et al., Great
Western Savings and Loan Association, Inc., Lonnie Kaplan,
Sima Kaplan, Defendants-Appellees.
 No. 90-16602.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Jan. 17, 1992.
Decided May 11, 1992.
 
 Gwendolyn L. King, pro se.
 Michael R. Arkfeld, Asst. U.S. Atty., Phoenix, Ariz., Daniel G. Stone, Deputy Atty. Gen., Sacramento, Cal., Mary E. House, Deputy City Atty., Los Angeles, Cal., for defendants-appellees.
 James F. Polese, Polese, Hiner & Nolan, P.A., Phoenix, Ariz., for Great Western Sav. and Loan Ass'n.
 Appeal from the United States District Court for the District of Arizona.
 Before: GOODWIN, FLETCHER, and BRUNETTI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gwendolyn King filed suit in the district court for the District of Arizona in 1985, alleging that a host of defendants, including various judges and officials of the federal bankruptcy court (the federal defendants), the State of California and its Governor and Attorney-General (the State defendants), the City and County of Los Angeles and various officials and employees thereof (the City defendants), and Great Western Bank, had caused her injuries arising out of the foreclosure of a junior mortgage on her home and property in Los Angeles. King sought both to recover possession of her home and to obtain monetary damages for the foreclosure and her subsequent eviction. Different defendants were served at different times during the next five years. All filed motions to dismiss King's complaint as to them. On August 9, 1990, the district court dismissed the action pursuant to Fed.R.Civ.P. (Rule) 12(b)(3) and 28 U.S.C. § 1406(a), holding that venue did not properly lie in the District of Arizona and that to transfer the case to another district would not be in the interests of justice. We affirm.
 
 I.
 
 2
 The general federal venue statute provided, at the time that King filed her suit, that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose...." 28 U.S.C. § 1391(b) (1982). Since King established federal question jurisdiction in the district court by alleging violations of various federal civil rights laws and of the Truth in Lending Act, 15 U.S.C. § 1635 (1988), this provision applies squarely to her action.
 
 
 3
 The district court properly rejected King's contention that the venue provisions applicable to bankruptcy court proceedings govern this case. The district court was also correct in concluding that 28 U.S.C. § 1391(e) does not bear on this action. That section provided, at the time that King filed her suit, that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority ... [may] be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action." Because Great Western Bank does some business in Arizona and hence could be said to reside there, and because federal defendants are named in this action, section 1391(e) as read literally would appear to support venue in the District of Arizona. However, while this court has not ruled on the question, persuasive authority from other Circuits indicates that § 1391(e) only applies to suits against officers of the executive branch. In Liberation News Service v. Eastland, 426 F.2d 1379 (2d Cir.1970), Judge Friendly reviewed the legislative history of § 1391(e) and concluded that in enacting that provision, "Congress was thinking solely in terms of the executive branch, to which alone § 1391(e) has thus far been judicially applied." 426 F.2d at 1384. In doing so, Judge Friendly noted that the legislative reports indicated that Congress' "intention was 'to facilitate review by the Federal courts of administrative actions.' " Id. at 1383 (quoting S.Rep. No.1992, 87th Cong., 2d Sess. (1962)). In Duplantier v. United States, 606 F.2d 654 (5th Cir.1979), cert. denied, 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 798 (1981), the Fifth Circuit reiterated this conclusion, asserting that to expand § 1391(e)'s scope "beyond the executive branch ... might bring about absurd consequences." Id. at 664. We agree with the Second and Fifth Circuits and conclude that § 1391(e) does not apply here, as the federal defendants are all officers of the bankruptcy court. The general provisions of § 1391(b) are thus determinative of proper venue in this case.
 
 
 4
 There appears no dispute that King's claim arose in the Central District of California, as it centered on her eviction from her house after her home mortgage was foreclosed. There is also no dispute that most of the defendants reside not in the District of Arizona but in California. Indeed, the only connection of Arizona to this suit is plaintiff's current maintenance of residence in Arizona. Thus, under the general venue statute, the District of Arizona is not the proper venue for this action. If the various defendants timely filed objections to King's suit on the grounds of venue, then, the district court acted correctly in dismissing the proceedings against them.
 
 II.
 
 5
 The federal defendants timely raised venue as a defense to King's action. King filed her first amended complaint on August 12, 1985 and served the federal defendants with a copy of the complaint and a summons on the same day. On October 4, 1985, the federal defendants filed a Rule 12 motion arguing that venue was improper in the District of Arizona and requesting that the case be transferred to the Central District of California. This motion was filed within the sixty days after service allowed federal defendants under Rule 12. Those defendants did not waive their venue defense by earlier having filed a motion to dismiss that relied on Rules 8(a) and 37(d). Improper venue is waived under Rule 12 only if a defendant moves to dismiss on one or more of the other grounds specified by Rule 12 while failing to raise venue in the same motion. See Rule 12(g) and (h).
 
 
 6
 Even though the federal defendants originally requested transfer rather than dismissal, the district court did not abuse its discretion by dismissing.[1] 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The district court concluded that it would not be in the interests of justice to transfer this case because, among other reasons, King herself expressed no interest in transfer and because "of the fact that the action smacks of harassment and bad faith on the plaintiff's part in that it appears that she filed it here after repeatedly losing on at least some similar claims in California." Memorandum Decision at 7. We previously have approved the latter reasoning in affirming a refusal to transfer an action under § 1406. See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir.1983) ("Justice would not have been served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping."), cert. denied, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). We therefore affirm the dismissal of King's action against the federal defendants on the grounds of improper venue.
 
 III.
 
 7
 The State defendants were not served by King until June 4, 1990. On June 27, 1990, they filed a motion to dismiss on grounds of improper venue, sovereign immunity, lack of personal jurisdiction and untimely service. This motion was timely as it was filed within the twenty-three days allowed the State defendants under Rule 12 supplemented by Rule 6(e).[2] Accordingly, we affirm the dismissal of the State defendants for improper venue.
 
 IV.
 
 8
 The City defendants were served at various points between March and June of 1990. They all moved to dismiss King's action for untimely service of process pursuant to Rule 4(j) and for failure to state a claim upon which relief could be granted under Rule 12(b)(6). Their failure to raise the defense of improper venue in conjunction with their 12(b)(6) motion constituted a waiver of that defense. See Rule 12(g) and (h). We therefore disagree with the district court that venue is improper as to the City defendants. We affirm the dismissal of those defendants, however, on the grounds of untimely service. Rule 4(j) provides that "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." King served the City defendants four and a half years after she filed her complaint. She nowhere suggests good cause for her failure to serve them in a timely fashion. We therefore affirm the district court's dismissal of the City defendants.
 
 V.
 
 9
 Great Western Bank was served on September 11, 1985 and timely filed a motion to dismiss for improper venue on October 1, 1985. As the district court recognized, however, venue was proper as to Great Western in the District of Arizona under 28 U.S.C. § 1391(c), which provided at the time King filed her action that "[a] corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Great Western, as it conceded below, does business in Arizona.
 
 
 10
 The district court nevertheless dismissed Great Western because "[n]ot only has the plaintiff not asked that this action proceed separately in this district against Great Western, there is nothing in the record before the Court to establish that the non-resident defendants are non-indispensable parties who could be dismissed from this action in order to preserve proper venue here as to Great Western or as to any other named defendant who may have waived any defense of improper venue or who has not yet raised such a defense.... The plaintiff has in fact taken the contrary position that the federal defendants, for example, are indispensable parties to this action." Memorandum Decision at 4.
 
 
 11
 The district court properly recognized that after dismissing some of the defendants for improper venue, it should assess whether under Rule 19 those parties were indispensable to the action, and if so, what the remedy should be. See Anrig v. Ringsby United, 603 F.2d 1319, 1324 (9th Cir.1978) ("[I]f a non-resident, non-indispensable party is listed as a defendant, this will not automatically require dismissal of the entire action for lack of venue but, rather, the non-indispensable party should be dismissed out...."). We agree with the district court that this action cannot proceed as to Great Western alone. Great Western's relationship to King's action is at best tangential. King alleged that her rights under 42 U.S.C. §§ 1981-1986 and the federal Truth-in-Lending Act, 15 U.S.C. § 1635, were violated by the foreclosure of a junior mortgage on her home. Great Western, however, held the senior mortgage, and King did not allege that the Bank had played any part in the foreclosure proceedings or subsequent eviction of which she complains. Great Western would be prejudiced were it required to defend against this action without the presence of other defendants who were more intimately involved in the events giving rise to King's grievances. It would appear impossible, furthermore, for the district court to fashion any form of adequate relief in the absence of those defendants. The district court properly concluded that King's action against Great Western required dismissal.
 
 VI.
 
 12
 King named a number of other defendants in her suit, including two couples, the Kaplans and the Todds, who have owned her home subsequent to the foreclosure and her eviction. These parties did not file an appearance in this action. However, the district court properly refused to enter a default judgment against them because there existed no basis for the exercise of personal jurisdiction over them in Arizona. See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d at 1522 ("Since the court found that it lacked personal jurisdiction over any of the non-Nevada publishers, it was correct in not entering default judgment.").
 
 
 13
 With respect to all defendants, then, the district court's dismissal of this action is AFFIRMED.
 
 
 
 [1]
 All of the other defendants who raised the defense of improper venue to King's suit asked that the district court dismiss the action
 
 
 [2]
 Rule 12 allows non-federal defendants 20 days after service to file a motion to dismiss, and Rule 6(e) allows an additional three days where the defendants are served by mail as they were here