1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Judy A. REIMAN; Kevin Beckly; John Karl Reiman,
Plaintiffs-Appellants,
v.
H.F. GARCIA, Defendant-Appellee.
 No. 92-15308.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John and Judy Reiman and their son Kevin Beckley ("Reimans") appeal pro se the district court's dismissal of their action against a district court judge and numerous federal officials and private individuals ("defendants"). The Reimans alleged that defendants conspired against them to retaliate against John Reiman for his whistleblowing activities regarding Navy medical practices in violation of the Reimans' civil rights, the RICO statute, 18 U.S.C. Sec. 1961, Title VII, 42 U.S.C. Sec. 2000(e), and anti-trust laws. The district court dismissed the action under 28 U.S.C. Sec. 1406 on the ground that venue was improper in the District of Nevada. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 We review for abuse of discretion the district court's decision to dismiss an action under section 1406 on the ground of improper venue. King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992), cert. denied, 113 S.Ct. 1263 (1993) (per curiam).
 
 28 U.S.C. Sec. 1391(e) provides:
 
 4
 A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or any agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.
 
 
 5
 Under 28 U.S.C. Sec. 1406(a), if a case is filed in the wrong district, a district court shall dismiss the case on the ground of improper venue or, if justice requires, transfer the case to any district in which venue is proper. See King, 963 F.2d at 1303-04.
 
 
 6
 Here, the district court found that venue was improper in the District of Nevada because the Reimans failed to demonstrate or even allege that all of the plaintiffs or all of the defendants reside in the district or that the Reimans' claims arose there. Section 1391(e), however, only requires that at least one defendant reside within the district when an officer or employee of the United States acting in his or her official capacity is named as a defendant. 28 U.S.C. Sec. 1391(e); see King, 963 F.2d at 1303-04. In their opposition to defendants' motion to dismiss, the Reimans alleged that defendant Jerry Reeves was a resident of the District of Nevada. In their complaint, the Reimans appear to challenge actions taken by certain defendants in their official capacities as employees or officers of the United States. Thus, because venue was proper in the District of Nevada, we reverse the district court's dismissal of the action and remand for further proceedings. See 28 U.S.C. Sec. 1391(e); cf. King, 963 F.2d at 1303-04.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Reimans' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3