8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee W. HEALY, aka Mrs. Richard J. Healy, et al., Plaintiff-Appellant,
v.
Evelyn J. PHILLIPS, individually, and as executrix and
beneficiary of Estate of Richard Healy, Defendant-Appellee.
 No. 93-15354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 18, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Healy appeals pro se the district court's order granting defendants' motion to transfer this action from the District of Nevada to the Central District of California, Los Angeles, pursuant to 28 U.S.C. § 1404(a). We dismiss this appeal for lack of jurisdiction.[1]
 
 
 3
 Lee Healy and Brian Healy, residents of Nevada, filed this diversity action in United States District Court for the District of Nevada. Healy alleged that pursuant to a separation agreement executed in Nevada in 1982, her late husband, Richard Healy, had contracted to leave his estate to her to provide for their orphaned grandson, Brian Healy, in return for Lee Healy's promise to raise and care for Brian. Healy alleged that defendants, the executrix and beneficiaries of Richard Healy's will and his attorneys and business associates, committed fraud, conversion, intentional interference with contract, breach of covenant of good faith and fair dealing, and conspiracy by depriving her of Richard Healy's assets. All defendants are residents of California except Timothy J. Walsh, a resident of New York. Richard Healy was a resident of California at the time of his death, and his will has been admitted to probate in California. The relevant acts are all alleged to have taken place in California.
 
 
 4
 Defendants filed a motion to transfer venue to California pursuant to section 1404(a), and Healy filed an opposition. After a hearing, the district court granted the motion and transferred the case to California. Healy filed a notice of appeal, which was subsequently dismissed for lack of jurisdiction. Healy v. Phillips, No. 92-16488, unpublished memorandum decision (9th Cir. Feb. 18, 1993) (order dismissing appeal). Healy also filed a motion for reconsideration of the district court's order transferring venue. The district court denied the motion for reconsideration, and Healy filed this appeal from that order.
 
 
 5
 An order transferring an acion pursuant to section 1404 is interlocutory in nature and not appealable prior to final judgment. Sunshine Beauty Supplies, Inc. v. United States District Court, 872 F.2d 310, 311 (9th Cir.1989); Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 951 (9th Cir.1968). Thus, this court lacks jurisdiction to review the the district court's order transferring venue.
 
 
 6
 Healy contends that this court should nevertheless exercise its mandamus power to review the district court's order. Because a decision regarding venue is complete and final in itself, and because the prejudice resulting from an erroneous transfer of venue may not be correctable on appeal, this court may exercise its mandamus power to review an order transferring venue under section 1404(a). Washington Pub. Utils. Group v. United States District Court, 843 F.2d 319, 323-24 (9th Cir.1987); Pacific Car & Foundry Co., 403 F.2d at 951-52. Mandamus is a drastic remedy and is available only in extraordinary situations. Washington Pub. Utils. Group, 843 F.2d at 323. This court will grant the writ and order the district court to rescind its order transferring venue only if the district court's order was clearly erroneous as a matter of law or was a clear and indisputable abuse of discretion. Id. at 324-27. Thus, we turn to the merits of the venue order to determine if mandamus is appropriate.
 
 
 7
 A district court may, for the convenience of parties and witnesses, in the interest of justice, transfer any civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a).
 
 
 8
 A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
 
 
 9
 28 U.S.C. § 1391(a).
 
 
 10
 Healy contends that venue would not have been proper in Los Angeles and therefore the district court erred by transferring venue pursuant to section 1404. Because not all of the defendants reside in California, section 1391(a)(1) is not applicable to support venue in California. Most of the events giving rise to the claim, however, occurred in Los Angeles. Healy contends that because the separation agreement was executed in Nevada and performance was anticipated in Nevada, venue is proper in Nevada, not Los Angeles. This is not, however, simply an action on the contract. Here, Healy is alleging fraud, conversion, conspiracy, and intentional interference with contract. The acts supporting these claims are alleged to have taken place in Los Angeles. Thus, venue is proper in Los Angeles as well as in Nevada, see 28 U.S.C. § 1391(a)(2), and the district court's order transferring venue was not clearly erroneous as a matter of law, see Washington Pub. Utils. Group, 843 F.2d at 325.
 
 
 11
 Healy contends that the district court erred by transferring venue because defendants waived their opportunity to object to venue by not raising it in an earlier motion pursuant to Fed.R.Civ.P. 12(b). Rule 12(h) provides that a defense of improper venue will be waived if not raised with other defenses in a Rule 12(b) motion. King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992). Here, however, defendants moved to transfer venue under section 1404, for the convenience of parties and witnesses, not on grounds of improper venue. Thus, defendants did not waive their objection to venue by failing to raise it in their earlier Rule 12(b) motion.
 
 
 12
 Healy contends that defendants' motion was untimely because they waited four and a half years into the litigation to file their motion for change of venue. This is not an accurate characterization of the record of proceedings. Defendants originally filed a motion to dismiss for lack of personal jurisdiction, which the district court granted. Healy appealed, and this court reversed and remanded. Healy v. Phillips, No. 89-15555, unpublished memorandum decision (9th Cir. Mar. 9, 1992). Much of the delay in the litigation involved resolving the jurisdictional question. Defendants filed their motion to transfer venue within two months after this court's remand, which is not an excessive delay. Healy also contends that she was prejudiced because the action was transferred one day before trial. This is not accurate. The district court had already continued the trial, so the transfer was ordered one month before the scheduled trial date, not one day before trial. Further, the case was on a stacked calendar and trial was unlikely to begin on the scheduled date.
 
 
 13
 Finally, Healy contends that she will be severely prejudiced by the cost and inconvenience of litigating in Los Angeles. Healy, who is proceeding in forma pauperis in this action, is 78 years old and supports herself and her grandson on her social security pension. In Varsic v. United States District Court, 607 F.2d 245 (9th Cir.1979), we granted a writ of mandamus to rescind a district court's order transferring an action from California to New York where the petitioner was proceeding in forma pauperis, his sole source of income was social security, and he was bringing an action for pension benefits. We concluded that the hardship of litigating his action three thousand miles away was irremediable. Id. at 252. Although we recognize that the hardship caused by the transfer to this pro se, in forma pauperis litigant will be extreme, the district court considered this factor and, noting that Healy was able to litigate in Los Angeles previously, concluded that transfer was in the interest of justice. See 28 U.S.C. § 1404(a). We cannot conclude that the district court's decision in this regard was a clear and indisputable abuse of discretion. See Washington Pub. Utils. Group, 843 F.2d at 327.
 
 
 14
 Because the district court's order transferring venue was neither clearly erroneous nor a clear and indisputable abuse of discretion, we decline to grant a writ of mandamus. Accordingly, this appeal is
 
 
 15
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Healy's motion to supplement the record on appeal