21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PANHANDLE IRRIGATION, INC., Plaintiff-Appellee,
v.
Armando CORONADO, and Maria Coronado, Defendants-Appellants.
 No. 92-16993.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1994.*
Decided March 28, 1994.
 
 Before: D.W. NELSON, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armando and Maria Coronado (collectively "the Coronados") seek reversal of the district court's judgment in favor of Panhandle Irrigation, Inc. ("Panhandle"). The Coronados contend that the district court erroneously declined to decide whether it had subject matter jurisdiction over the Panhandle action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * In their brief, the Coronados characterize this appeal as a challenge to the district court's refusal to consider, or to reconsider, whether it had subject matter jurisdiction over the Panhandle action. Because they admit that the district court had jurisdiction over Panhandle's claim pursuant to 28 U.S.C. Sec. 1331,[1] we construe the Coronados' appeal as challenging the district court's refusal to give effect to the forum selection clause in the joint venture agreement that was the subject matter of this action. The Coronados' argument is properly cast as whether the district court erred in concluding that a defense based on a choice of forum clause is waivable and whether the Coronados waived this defense by failing to bring it squarely to the court's attention.
 
 
 4
 * The Coronados are initially correct that the question of the district court's lack of subject matter jurisdiction is not waivable and may be raised at any time, including on appeal. Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (2d Cir.1975). A defense based on a forum selection clause in the parties' contract is, however, properly characterized as a question of venue. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988). Although we must consider forum selection clauses as prima facie valid, see The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972), defenses based on these clauses are fully waivable. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir.1988).
 
 B
 
 5
 When the district court's action is properly characterized as a refusal to revisit a defense based on improper venue, the Coronados' allegation of error fails.
 
 
 6
 The failure to raise a defense based on improper venue in conjunction with a Rule 12(b)(6) motion to dismiss constitutes a waiver of that defense. See King v. Russell, 963 F.2d 1301, 1305 (9th Cir.1992), cert. denied, 113 S.Ct. 1263 (1993); Fed.R.Civ.P. 12(g) and (h).
 
 
 7
 Our review of the record indicates that the Coronados failed to present their defense squarely in their motion to dismiss Panhandle's complaint. The Coronados' Rule 12(b)(6) motion failed to invoke any defense based on a forum selection clause in the joint venture agreement. The bare statement that "[a]ll of the parties submitted themselves to the jurisdictions of the courts of Mexico" hardly sufficed to put the issue squarely before the district court. The Coronados' reply to Panhandle's opposition to their motion addressed the existence of the forum selection clause, but only obliquely. Buried within a multi-page account of the parties' business dealings is the statement that "[u]nder this contract, Mr. Coronado agreed ... to litigate any contract problem in Hermosillo, Sonora, Mexico" and a reference to the pertinent exhibits. The Coronados, however, failed to cite relevant case law or to clearly set forth an argument that the action should be dismissed on the strength of this contractual provision. Indeed, by employing the construction "Mr. Coronado agreed" as opposed to "[Panhandle's representative] Mr. Hood agreed" in context of allegations that Mr. Hood had set out to defraud the Coronados, the reference to the forum selection clause can as easily be construed as a predicate for relief as an intention to rely on the clause as a defense to the present action.
 
 
 8
 Under these circumstances, the district court would have been correct in ruling that any defenses based on the forum selection clause were waived when the Coronados again attempted to raise the issue during colloquy prior to the entry of the pretrial order. We disagree, however, with the Coronados' characterization of the ensuing exchange as a refusal to consider possible defenses based on the forum selection clause. Even at this late stage of the proceedings, the district court provided an opportunity for them to squarely present their defense.
 
 
 9
 In response to the inquiry into whether they raised a forum selection clause-based defense before Judge Browning, to whom the case had been previously assigned, the Coronados initially indicated that they had not. Judge Roll correctly pointed out that, under those circumstances, he considered the issue waived. Later in the proceeding, however, the Coronados indicated that, in fact, they could not remember whether they had raised the issue. On the assumption that the issue had been squarely raised, Judge Browning stated that the ruling would be the law of the case and that he would not disturb it absent "some very compelling reasons."
 
 
 10
 Contrary to the Coronados' characterization of this exchange as a refusal to reconsider the issue, this colloquy actually invited the presentation of "very compelling reasons." In the notice they subsequently filed, the Coronados, however, again failed to present squarely any argument or authority on this question. Under the totality of circumstances, any defense based on the forum selection clause in the joint venture agreement must be deemed waived as the Coronados failed to properly raise the issue. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3