UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

VIRGIL WAYTES; GEORGE WAYTES,
JR., Executors of the Estate of
George Edward Waytes, Sr.,
Deceased,
Plaintiffs-Appellants,

v.                                                          No. 97-2177

CITY OF CHARLOTTESVILLE; KRISTEN
KONRAD; JOHN DICK BOWEN;
CHARLOTTESVILLE POLICE
DEPARTMENT,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-97-122)

Submitted: June 30, 1998

Decided: August 4, 1998

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Bernice Stafford Turner, Richmond, Virginia, for Appellants. R.
Craig Wood, Kerri Borchardt Taylor, MCGUIRE, WOODS, BAT-
TLE & BOOTHE, L.L.P., Charlottesville, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virgil Waytes and George Waytes, Jr., appeal the district court's orders dismissing their civil rights complaint for improper venue and denying their motion for reconsideration. Because venue in the Eastern District of Virginia was improper and transfer of the matter to the Western District of Virginia would not have been in the interest of justice, we affirm.

I

On December 23, 1993, the Plaintiffs filed a wrongful death action in the Circuit Court of the City of Charlottesville, Virginia. They alleged that their father, George Waytes, Sr., died in 1991 while in the custody of the Charlottesville Police Department. On August 16, 1996, the state court dismissed the action without prejudice, the plaintiffs having nonsuited the case pursuant to Va. Code Ann. § 8.01-380 (Michie 1992).

On February 18, 1997, Virgil and George Waytes, Jr., filed suit in the United States District Court for the Eastern District of Virginia. They claimed a violation of their father's civil rights and invoked jurisdiction pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998), and 42 U.S.C. §§ 1985, 1986 (1994). They did not include a claim of wrongful death under Virginia law.

The Defendants, the City of Charlottesville and two individuals, moved pursuant to Fed. R. Civ. P. 12(b)(3) to transfer venue to the Western District of Virginia. None of the Defendants reside in the Eastern District of Virginia. Further, the cause of action accrued in the Western District of Virginia. The Plaintiffs failed to respond to the motion.

2

The district court concluded that the motion was actually one to dismiss the action for improper venue. Because venue lay in the Western District of Virginia, the district court dismissed the action. Subsequently, the court denied the Plaintiffs' motion for reconsideration, observing that the Plaintiffs had not shown any basis for the court's exercising its discretion and transferring, rather than dismissing, the case.

II

Venue in this case lay only in the Western District of Virginia, where the Defendants reside and the cause of action arose. See 28 U.S.C.A. § 1391(b) (West Supp. 1998). The action therefore was subject to dismissal upon the filing of a motion pursuant to Fed. R. Civ. P. 12(b)(3). The district court, confronted with a case laying venue in the wrong district, is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice. See 28 U.S.C. § 1406(a) (1994). We review the dismissal for abuse of discretion. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

The cause of action in this case arose in 1991, and the federal lawsuit was filed in 1997. The applicable two-year statute of limitations had expired long before this lawsuit was filed in 1997. See Va. Code Ann. § 8.01-243(A) (Michie 1992); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (in § 1983 actions, state statute of limitations for personal injury applies); McCausland v. Mason County Bd. of Educ., 649 F.2d 278, 279 (4th Cir. 1991) (state statute of limitations for personal injury applies equally to actions under §§ 1983, 1985, and 1986). It was therefore not in the interest of justice to transfer the matter to another district, where the case was subject to dismissal as time-barred.*

_____

*Contrary to Appellants' assertion, the district court was not obligated to conduct a hearing prior to granting the Rule 12(b)(3) motion. Appellees served a copy of the motion on Appellants' attorney, who failed to respond to the motion despite being on notice that the motion had been filed.

3

III

Because the district court did not abuse its discretion in dismissing the action for improper venue or in denying the motion for reconsideration, we affirm. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before us and argument would not aid the decisional process.

AFFIRMED

4