**Brad R. JOHNSON, Plaintiff—Appellant,**

v.

**FRANCHISE TAX BOARD, State of California; et al., Defendants—Appellees.**

No. 02–56580.

D.C. No. CV–02–00319–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 21, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Brad R. Johnson appeals pro se the district court's sua sponte Fed.R.Civ.P. 12(b)(6) dismissal of his action alleging violations of the Federal Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Fourteenth Amendment, and state tort law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, *Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir.1987), and for abuse of discretion a decision to change venue, *King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992) (per curiam). We may affirm on any ground supported by the record. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

The Illinois district court did not abuse its discretion when it transferred Johnson's case to the Central District of California because no events alleged in the complaint took place in Illinois, a substantial part of the events took place in California, and all defendants resided in California. *See King,* 963 F.2d at 1304.

The district court properly dismissed Johnson's claim under the FCRA because the provision he cited, 15 U.S.C. § 1681s–2(a), may only be enforced by federal and state officials. *See Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002).

The district court properly dismissed Johnson's claim under the FDCPA because the Franchise Tax Board is not a "debt collector" as defined by the statute. *See* 15 U.S.C. § 1692a(6)(C).

The district court properly dismissed Johnson's RICO claim because government entities are incapable of forming the malicious intent necessary to support a RICO action. *See Pedrina v. Chun,* 97 F.3d 1296, 1300 (9th Cir.1996).

The district court properly dismissed Johnson's section 1983 claim alleging California's pre-judgment child support procedures violated due process because any review would necessarily affect the child support order or judgment issued by the state court. *See Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001).

The district court properly dismissed Johnson's 42 U.S.C. § 1983 claim alleging California's post-judgment child support procedures violated due process because the procedures provide for notice to be sent to an individual at least 20 days before garnishment of his funds and a meaningful state, post-deprivation remedy for the loss is available. *See Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1317 (9th Cir.1989).

The panel has no basis to review the district court's denial of Johnson's motion to alter or amend the judgment because it was not submitted with his appeal. *See In re O'Brien,* 312 F.3d 1135, 1137 (9th Cir. 2002).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.