**Arthur Sherwood ROOT,
Plaintiff–Appellant,**

v.

**UNITED STATES of America, sued in it's corporate and constitutional capacities under United States law; et al., Defendants–Appellees.**

D.C. Nos. 02–56301, CV–02–02130–RJT.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 13, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Arthur Root, a federal prisoner, appeals pro se the judgment dismissing his action pursuant to *Bivens* and the Federal Tort Claims Act against officials at two California jails, three federal prisons, and a pri-

vate prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on statute of limitations grounds, *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000), and a dismissal for failure to exhaust administrative remedies under the Federal Tort Claims Act, *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 742 (9th Cir.1991). We review for abuse of discretion a dismissal due to improper venue. *King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992) (per curiam). We affirm.

The district court properly dismissed Root's claims against the Wackenhut Corrections Corporation and the FTC Oklahoma City, FCI Sheridan and FCI Taft facilities because a *Bivens* cause of action is not available against private entities, *see Correctional Services Corp. v. Malesko,* 534 U.S. 61, 71–72, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001), or federal agencies, *see FDIC v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

The district court did not abuse its discretion by dismissing without prejudice Root's claims against the individual federal defendants at FTC Oklahoma City, FCI Sheridan and FCI Taft for improper venue, because these defendants do not all reside in the same state and the events giving rise to the claims against these defendants did not occur in the Central District of California, where Root filed this action. *See* 28 U.S.C. § 1391(b); *King v. Russell,* 963 F.2d at 1304.

The district court properly dismissed Root's claim against the United States Attorney General because the doctrine of respondeat superior is inapplicable to *Bi-*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*vens* actions. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991).

The district court properly dismissed Root's claims arising from incidents at Metropolitan Detention Center Los Angeles (MDC–LA) and San Bernadino County Jails, because the claims were time-barred. *See* Cal.Civ.Proc.Code § 340 (one year statute of limitations); Cal.Civ.Proc.Code § 352.1 (statute of limitations tolled for up to two years for California prisoners who are incarcerated for a term less than life); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999).

The district court properly dismissed Root's claims against MDC–LA under the Federal Tort Claims Act because Root failed to properly exhaust his administrative remedies. *See Meridian Int'l Logistics*, 939 F.2d at 743.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument and grants Daniels' motion to submit this appeal on the briefs. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.