Brad R. JOHNSON, Plaintiff–
Appellant,

v.

Michael P. MCCUSKEY and David G.
Bernthal, Defendants–Appellees.

No. 03–1249.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2003.*

Decided Aug. 5, 2003.

---

\* After examining the briefs and record, we conclude that oral argument is unnecessary.

Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

ORDER

In 2001 Brad Johnson filed a civil-rights lawsuit in the United States District Court for the Central District of Illinois against various public officials in California. The defendants moved for a change of venue pursuant to 28 U.S.C. § 1406(a). Magistrate Judge David Bernthal recommended granting the motion, but he analyzed it as if it had been filed pursuant to 28 U.S.C. § 1404(a) rather than § 1406(a). District Judge Michael McCuskey recognized that error and granted the motion pursuant to § 1406(a). Johnson then filed this *Bivens* action against Magistrate Judge Bernthal and Judge McCuskey, alleging that they violated his constitutional right to due process when Magistrate Judge Bernthal "intentionally falsified" his recommendation by citing § 1404(a) and when Judge McCuskey "covered up" the error, which Johnson described as a "criminal violation." *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Johnson sought monetary damages as well as injunctive and declaratory relief. The district court dismissed the case based on judicial immunity, and we affirm, though partially on different grounds.

We will first address Johnson's claim for monetary damages. Judges are immune from lawsuits seeking monetary damages, *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000), and that immunity extends even to acts made in bad faith or with malice, *Mireles*, 502 U.S. at 11, *Brokaw*, 235 F.3d at 1015. There are two circumstances, however, when a plaintiff can overcome judicial immunity. First, "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. The type of jurisdiction that the second circumstance refers to is subject-matter jurisdiction, *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir.1995), and Johnson does not argue that the district court lacked subject-matter jurisdiction over his underlying case.

Instead, Johnson contends that criminal actions (and cover-ups of such actions) are nonjudicial acts for which judicial immunity does not apply. But the "criminal" conduct that Johnson complains about is Magistrate Judge Bernthal's decision to apply a particular statute concerning venue. That decision plainly was made in the judge's capacity as a judicial officer, and Johnson's characterization of it as "criminal" is patently frivolous. Moreover, even if Magistrate Judge Bernthal had acted in bad faith or with malice, absolute immunity would still bar this suit. *See Mireles*, 502 U.S. at 11–12.

Johnson's remaining arguments are similarly without merit. First, contrary to Johnson's contention, the rules regarding judicial immunity do not distinguish between lawsuits brought under *Bivens* and 42 U.S.C. § 1983. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Second, Johnson argues that magistrate judges are "inferior judges" who are not entitled to judicial immunity. But magistrate judges are federal judicial officers, 28

U.S.C. §§ 631–36, and judicial immunity applies as equally to them as it does to federal district court judges. *See, e.g., Stern v. Halligan,* 158 F.3d 729, 731 n. 1 (3d Cir.1998); *King v. Myers,* 973 F.2d 354, 356 (4th Cir.1992); *Tanner v. Heise,* 879 F.2d 572, 576–78 (9th Cir.1989). Finally, Johnson argues that Judge McCuskey's "supervision" of Magistrate Judge Bernthal is an administrative act that is not covered by judicial immunity. While it is true that judges are not entitled to judicial immunity for administrative acts, *Forrester v. White,* 484 U.S. 219, 227–28, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), Judge McCuskey's review of Magistrate Judge Bernthal's recommendation is not such an act. The judge in *Forrester* demoted and discharged a probation officer, an act deemed administrative because it was a "personnel decision[ ]." *Id.* at 229. In contrast, Judge McCuskey's review of Magistrate Judge Bernthal's recommendation was a judicial act performed pursuant to 28 U.S.C. § 636(b)(1), which states that when a party objects within ten days to a magistrate judge's recommendations, a district court judge "shall make a de novo determination of those portions of the ... recommendations to which objection is made." Thus, both judges were entitled to immunity from Johnson's claims for damages.

We now turn to Johnson's claim for injunctive and "declaratory" relief. The Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir.1989), *abrogated on other grounds, Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432 n. 3, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), but at least two circuits have carved an exception to that rule for cases where the defendant is a federal judge (sued in a *Bivens* action) rather than a state judge (sued under 42 U.S.C. § 1983), *Bolin v. Story,* 225 F.3d 1234, 1239–42 (11th Cir.2000) (per curiam); *Mullis v. United States Bankr. Ct. for the Dist. of Nev.,* 828 F.2d 1385, 1391–94 (9th Cir.1987). We found that exception to be "of doubtful merit," *Scruggs,* 870 F.2d at 378, but our doubt is now irrelevant because Congress has since amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." This amendment bars injunctive relief against both state and federal judges because "federal courts incorporate § 1983 law into *Bivens* actions." *Bolin,* 225 F.3d at 1242. Thus, the amendment to § 1983 limits the type of relief available to plaintiffs who sue judges to declaratory relief. *Id.*

But Johnson is not seeking declaratory relief in the true legal sense. *See* Fed. R.Civ.P. 57; 28 U.S.C. § 2201. In his complaint Johnson asks the district court to "declare" that Magistrate Judge Bernthal and Judge McCuskey acted improperly in various ways when deciding the motion for a change of venue. Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct. *See Bontkowski v. Smith,* 305 F.3d 757, 761 (7th Cir.2002); *see generally* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998). For example, a party may seek a declaratory judgment to determine whether a particular contract term is binding and need not risk breaching the contract and await a suit. *See Bontkowski,* 305 F.3d at 761 (explaining how a declaratory judgment may be used as "a method of depriving the

defendant of delay as a weapon"). Declaratory judgments are not meant simply to proclaim that one party is liable to another. *See Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553–54 (Fed.Cir. 1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act").

AFFIRMED.