**Brad R. JOHNSON, Plaintiff–Appellant,**

v.

**Bill LOCKYER, et al., Defendants–Appellees.**

No. 04–1863.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Nov. 1, 2004.

Rehearing Denied Dec. 2, 2004.

Brad R. Johnson, Kankakee, IL, pro se.

Lawrence S. Fischer, Chicago, IL, Alan L. Green, San Bernadino, CA, for Defendants–Appellees.

Before BAUER, WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Brad Johnson appeals the dismissal of his third attempt to establish that several California state and county agencies, along with 15 of their employees, conspired to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, and his federal due process rights, all in an effort to collect child sup-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

port that Johnson insists was already paid in full. The district court dismissed the action on a combination of grounds including res judicata, collateral estoppel, and the *Rooker–Feldman* doctrine, but we will not retrace this analysis because we hold that the entire case may be disposed of on jurisdictional grounds.

Johnson alleges that the defendants (we refer to them collectively because Johnson has never identified the roles of specific defendants) wrongfully registered a State of Oregon child support order for which he is the obligor, and then garnished his bank account and a federal tax refund even after being informed that their information was in error. He also alleges that the defendants intentionally refused to update his address so as to deprive him of notice and a hearing concerning the garnishments. As the district court noted, Johnson ignored the defendants' invitation to show them proof that his child support payments were not in arrears, and instead chose to drag this dispute through five federal and two state courts.

Johnson filed his first suit arising from these facts in June 2001 in the Central District of Illinois, but the case was transferred for reasons of venue to the Central District of California. There Johnson pressed ahead against the Franchise Tax Board of California, the state's attorney general in his official and individual capacities, the County of San Bernardino, and the district attorney for the county in his official and individual capacities. The action was based on a number of theories, among them violations of RICO and due process, and it was dismissed for failure to state a claim. The Ninth Circuit affirmed the dismissal. *Johnson v. Franchise Tax Bd.*, 61 Fed.Appx. 494 (9th Cir.2003) (unpublished). Meanwhile, in October 2001, Johnson had filed a similar action in the Circuit Court of Kankakee County, Illinois,

which was dismissed because of the pending federal action. This dismissal, too, was affirmed by the Illinois appellate court. Johnson then filed this action in the Central District of Illinois, but it was transferred to the Southern District because Johnson had an ongoing suit against the district judge and magistrate judge involved in the earlier transfer of his first case to California. *See Johnson v. McCuskey*, 72 Fed.Appx. 475 (7th Cir.2003) (unpublished).

Johnson's latest effort looks much like his first suit, though it adds more individual defendants, most of them unnamed placeholders. The district court viewed the new suit as "patently frivolous," as do we. For Johnson there are two problems right from the start: lower federal courts have no power to review state-court civil judgments, *e.g.*, *Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir.2001), and, that aside, an action will not lie in federal court if the federal claims are obviously manufactured to create jurisdiction or are wholly frivolous, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1317 (7th Cir. 1997); *see Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177 (7th Cir.1989) (characterizing as insubstantial, and thus insufficient to confer federal jurisdiction, claim that defendants' initiation of garnishment action violated Federal Tort Claims Act). Johnson's complaint implicates both concerns.

The district court rightly observed that Johnson's core grievance is really about the validity of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct.

149, 68 L.Ed. 362 (1923); *Manley*, 236 F.3d at 396. We need not reach back to the Oregon order, as did the district court, because the registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court. And it makes no difference that Johnson deems those judgments offensive to his due process rights, *see Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir.1993) ("[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." (internal quotation marks and citation omitted)), though he could not state a due process claim anyway without establishing the unavailability of post-deprivations remedies, *see Parratt v. Taylor*, 451 U.S. 527, 538–39, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *McCullah v. Gadert*, 344 F.3d 655, 660 (7th Cir.2003). Moreover, we have noted that "where a suit has a variety of jurisdictional infirmities there is no need to worry each to death." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir.1988). Even if we had reservations about whether the *Rooker–Feldman* doctrine was a complete bar to Johnson's suit, we would still perceive no basis of federal jurisdiction given Johnson's factual allegations. Federal question jurisdiction will arise only if the complaint by itself establishes that federal law has created a cause of action or if the plaintiff's relief is substantially contingent on an issue of federal law. *Turner/Ozanne*, 111 F.3d at 1316. Tossing about "RICO" and "due process" does not make a claim arise under federal law when the effort is a "transparent . . . attempt to move a state-law dispute to federal court,"

*Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299–300 (7th Cir.2003) (internal quotation marks and citation omitted), and if a frivolous suit does not invoke federal jurisdiction, "dismissal is mandatory," *Crowley*, 849 F.2d at 277. Frivolous suits may also result in sanctions. We warn Johnson that under the circumstances the district court had every right to threaten sanctions, and we hasten to add that we too may impose sanctions under Fed. R.App. P. 38 if he continues to file frivolous appeals like this one.

Accordingly, we modify the district court's judgment to make the dismissal solely jurisdictional, and as modified the judgment is AFFIRMED.