**George M. LEWIS, M.D.,**
**Plaintiff–Appellant,**

v.

**Evan BAYH, U.S. Senator, Indiana; et al., Defendants–Appellees.**

No. 05–56930.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 24, 2007.

George M. Lewis, Hollywood, CA, pro se.

USLA, Office of the U.S. Attorney Civil & Tax Divisions, E. Katherine O'Brien, Office of the California Attorney General, Harrington Foxx Dubrow & Canter, LLP, Michael P. Hollomon, Jr., Esq., Reiner & Hollomon, Los Angeles, CA, Joseph R. Brown, Sherman Oaks, CA, Robert I. Lester, Esq., Wayne E. Uhl, Esq., Stephenson Daly Morow & Semler, David A. Arthur, Esq., Indiana Attorney Generals Office Indiana, Indianapolis, IN, for Defendants–Appellees.

Victor E. Ramirez, Solana Beach, CA, pro se.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

George M. Lewis appeals pro se from

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

the district court's judgment dismissing his action alleging defendants violated 42 U.S.C. §§ 1983 and 1985. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim and based on the statute of limitations. *Daniel v. County of Santa Barbara,* 288 F.3d 375, 380 (9th Cir.2002). We review for abuse of discretion dismissals for improper venue. *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1253 (9th Cir.1997). We affirm.

The district court properly dismissed without prejudice Lewis's claim against Senator Bayh, because venue was improper in the Central District of California, *see* 28 U.S.C. § 1391(b), and Lewis neither sought to have the claim transferred nor showed that a transfer to the proper venue would be in the interests of justice, *see King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992) (per curiam).

The district court properly concluded Lewis failed to state a claim under 42 U.S.C. § 1985(2), because Lewis did not allege defendants' actions hampered him from presenting an effective case in any then-pending matter in federal court. *See Blankenship v. McDonald,* 176 F.3d 1192, 1196 (9th Cir.1999).

The district court properly concluded the remaining claims were time-barred. *See Maldonado v. Harris,* 370 F.3d 945, 954–55 (9th Cir.2004) (California's former one-year personal injury statute of limitations is applicable to section 1983 claims that expired before January 1, 2003).

The district court also properly declined to consider the claim against defendant Tempke, which Lewis had previously voluntarily dismissed with prejudice.

ed by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner

We decline to consider contentions not "specifically and distinctly argued" in Lewis's opening brief. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992).

We find Lewis's remaining contentions unpersuasive.

**AFFIRMED.**