**Vincent Lawrence BROWN, Jr., Plaintiff—Appellant,**

v.

**Shari KIMOTO; et al., Defendants— Appellees.**

No. 08–15914.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.[*]

Filed Aug. 19, 2008.

Vincent Lawrence Brown, Jr., Eloy, AZ, pro se.

Appeal from the United States District Court for the District of Hawaii, Alan C. Kay, District Judge, Presiding. D.C. No. 1:08–CV–00055–ACK.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

MEMORANDUM [**]

Vincent Lawrence Brown, Jr., a Hawaii state prisoner, appeals pro se from the dismissal of his action for improper venue.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brown claims that he was denied proper medical care while he was incarcerated at prisons located in Mississippi and Arizona. He also alleges that the prison law library conditions at the Mississippi facility are inadequate, and that he was not permitted to use the law library at the Arizona facility. Brown contends that the district court erred in concluding that venue was improper in Hawaii.

We review de novo the dismissal of an action for improper venue, and for abuse of discretion the district court's decision whether to transfer venue. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir.2001); *King v. Russell*, 963 F.2d 1301 (9th Cir.1992). The district court did not err when it dismissed the complaint with leave to file the causes of action in the appropriate venues and cautioned Brown to bring his claims in the judicial districts in which the events occurred. *See* 28 U.S.C. § 1406(a) (requiring district court to dismiss or transfer case filed in wrong district to any district or division in which it could have been brought); 28 U.S.C. § 1391(b)(2) (civil action should be brought in judicial district in which a substantial part of the events giving rise to the claim occurred).

We therefore affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).