FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MALONE et al., | No. 10-35882 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-02046-RSL |
| v. | |
| AHRENS & DeANGELI, PLLC et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted July 14, 2011
Seattle, Washington

Before: GILMAN,[**] CLIFTON, and N.R. SMITH, Circuit Judges.

Michael and Barbara Malone appeal the dismissal of their claims against various defendants connected to Michael Malone's (Michael's) investment in an abusive tax shelter. Although the Malones named numerous parties as defendants in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

this action, the appellees here are limited to: (1) Bayerische Hypo-und Vereinsbank AG-New York Branch (HVB-NY), HVB U.S. Finance f/k/a HVB Structured Finance (HVB-Finance), and Bayerische-und Vereinsbank AG (HVB-AG) (collectively, **HVB**); (2) Enterprise Financial Services and the former president of one of its subsidiaries, Paul Vogel (collectively, **Enterprise**); (3) the Seattle law firm of Ahrens & DeAngeli, PLLC and one of its partners, Edward Ahrens (collectively, **A&D**); and (4) Multi National Strategies, LLC, Coastal Trading LLC, Michael N. Schwartz, and David Schwartz (collectively, **MNS**). All of the Malones' claims arise out of Michael's investment in an abusive tax shelter called the Coastal Trading Common Trust Fund (CTF). The district court, through a series of motions either to dismiss or for summary judgment, ultimately dismissed all of the claims against the various appellees.

The Malones do not challenge the district court's dismissal of HVB-AG for lack of personal jurisdiction. As for HVB-NY and HVB-Finance, the forum-selection clause in Michael's contracts with both entities clearly designated New York as the proper forum for any and all claims against them. Because of this agreed designation, as well as the fact that the Malones waived their ability to request the transfer of their claims to New York by failing to make such a request before their motion for reconsideration, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), we conclude that the court did not abuse its discretion

2

by dismissing these claims rather than transferring them, *see King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

The Malones have also waived their choice-of-law arguments on appeal because, throughout the lengthy district-court proceedings, they based their arguments on Washington law. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006). Washington law thus applies to all of the Malones' claims against Enterprise, A&D, and MNS. The court properly dismissed the claims against Enterprise for a lack of personal jurisdiction because the Malones did not make a prima facie showing that MNS served as Enterprise's agent in Washington. *See Neil v. NWCC Invs. V, LLC*, 229 P.3d 837, 843 (Wash. Ct. App. 2010). Furthermore, the court properly concluded that the Malones did not show that Enterprise purposefully availed itself of doing business in Washington based on any direct actions because Enterprise conducted no activities in Washington and the existence of a contract with an out-of-state party does not automatically establish personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Nor did the district court abuse its discretion in disallowing further discovery into personal jurisdiction over Enterprise because the allegations in the complaint and a plain reading of Michael's contract with Enterprise showed that any further discovery would have been be futile.

The district court next dealt with the Malones' claims against A&D and MNS. Based on the IRS's warning that CTF-type investments were abusive tax shelters,

followed by MNS informing the Malones that the IRS was likely to challenge the tax benefits associated with CTF, the Malones were on notice as of 2003 that CTF lacked economic substance. And because the loan that HVB was supposed to provide was central to CTF, the Malones were also on notice as of 2003 that the loan itself might lack economic substance and therefore be a sham. *See United States v. Schulman*, 817 F.2d 1355, 1359 (9th Cir. 1987). The state-law claims that are relevant to this appeal are thus time barred by Washington's three-year statute of limitations because, as the district court determined, the Malones were on notice as of 2003 that CTF lacked economic substance. *See Allen v. State*, 826 P.2d 200, 203 (Wash. 1992). And although the Malones' claim that the statute of limitations should be tolled based on the scienter element of their fraud claims, they have not explained how Washington's discovery rule applies to this element. We decline to make this argument for them. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

We also agree with the district court that the Malones did not raise a genuine issue of material fact concerning their claim that the loan funds never existed. Although HVB admitted in 2006 that it participated in abusive tax shelters similar to the one at issue here that involved non-bona fide loans, a loan can be non-bona fide even where funds are actually transferred. *See Goldberg v. United States*, 789 F.2d 1341, 1342-43 (9th Cir. 1986). HVB's admission thus does not rebut the uncontradicted evidence indicating that the funds were in fact transferred.

The district court further rejected the Malones' argument that the statute of limitations governing their claims against MNS should be tolled under the continuous-representation doctrine because the Malones base this argument on their failed attempt to show that MNS was Enterprise's agent. Citing New York law, the Malones ask us for the first time in their reply brief to extend Washington's continuous-representation doctrine to cover portfolio managers in addition to investment advisors. We decline to venture an opinion regarding this ambiguous area of Washington law at this late stage in the proceedings. *See Burns v. McClinton*, 143 P. 3d 630, 635 (Wash. Ct. App. 2006); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Finally, we do not address the Malones' argument that the statute of limitations should be tolled based on when MNS committed its last overt act in furtherance of the alleged conspiracy because the Malones failed to raise this issue before the district court. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998).

**AFFIRMED.**